IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER and WILLIAM PHIPPS, husband and wife, ASHLYN PHIPPS, and M.P., a minor, by and through her parents and guardians, HEATHER and WILLIAM PHIPPS,<br><br>                              Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                              Defendant. | Cause No.:<br><br>**COMPLAINT FOR MEDICAL NEGLIGENCE, GENERAL NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF WASHINGTON STATE CONSUMER PROTECTION ACT, LOSS OF SPOUSAL CONSORTIUM AND LOSS OF PARENTAL CONSORTIUM** |

COME NOW, the Plaintiffs, Heather and William Phipps, husband and wife, and their daughters, Ashlyn Phipps, and M.P., a minor, by and through her parent and legal guardian, William Phipps, by and through their attorney of record, Nigel S. Malden, and hereby allege as follows:

I.    The Parties

1.1    William and Heather Phipps are husband and wife and reside in Kitsap County, Washington. They are the parents of two daughters, M.P., age 14, and Ashlyn, age 20, who also reside in Kitsap County, Washington.

1.2    The United States of America owns and operates Madigan Army Medical Center (Madigan) located in Pierce County, Washington. Madigan provides medical, surgical and other health care services to eligible members of the public.

COMPLAINT

- 1

1.3   Dr. Alan Dixon is a medical doctor and neurosurgeon who performed a cervical discectomy surgery on Plaintiff Heather Phipps at Madigan on July 3, 2013.

II.   Jurisdiction and Venue

2.1   The Defendant regularly conducts business in Pierce County, Washington.

2.2   The Defendant's tortious acts and omissions occurred and caused damage to Plaintiffs in Pierce County, Washington.

2.3   The Plaintiffs timely filed administrative notices of claim with the United States under the Federal Tort Claims Act. The plaintiffs' claims were denied by the United States and then their requests for reconsideration were denied by the United States less than six months ago.

2.4   This court has jurisdiction over the subject matter and the parties under 28 U.S.C. §1346 (b)(i) and the Western Washington venue is proper under 28 U.S.C. §1402(b).

III.   Background Facts

3.1   Heather Phipps went to Madigan with complaints of neck pain in the summer of 2013.

3.2   Ms. Phipps was eligible to receive medical care at Madigan because her husband, William Phipps, is retired from the U.S. Navy.

3.3   Ms. Phipps was examined by Dr. Alan Dixon who recommended a right anterior C5-6 cervical discectomy surgery.

3.4   Dr. Dixon presented himself to Heather and William Phipps as a skilled and experienced neurosurgeon employed by the federal government. He wore a Madigan identity badge and he gave Heather Phipps a printed Madigan business card with his name on it. By all appearances, Dr. Dixon was a federal employee.

3.5   At no time did Dr. Dixon or anyone else disclose to Heather and William Phipps that Dr. Dixon was an independent contractor.

COMPLAINT

- 2

NIGEL S. MALDEN LAW, PLLC
711 Court A, Suite 114
Tacoma, Wa. 98402
253-627-0393  253-573-1209 Fax

3.6  Ms. Phipps consented to the surgery which was performed by Dr. Dixon at Madigan Army Medical Center on July 3, 2013. Dr. Dixon was assisted by a registered nurses and scrub or surgical "techs" employed by the United States.

3.7  By mistake, Dr. Dixon used an unguarded drill bit which pierced through Ms. Phipps' C5 vertebrae and struck her spinal cord causing serious and permanent physical injuries.

3.8  Dr. Dixon selected and inserted a metal "Synthes" plate to stabilize Ms. Phipps' spine. By mistake, the plate was sized and placed incorrectly, however, and its screws dug into Ms. Phipps' disc at C6-7, causing further injury and risk of serious complications.

3.9  The Synthes plate had to be removed during a second surgery performed by a different surgeon at Swedish Hospital in Seattle, Washington, on March 13, 2014.

IV.  <u>First Cause of Action – Medical Negligence – By All Plaintiffs</u>

4.1  Paragraphs 1.1 through 3.9 are hereby incorporated by reference.

4.2  Dr. Dixon failed to exercise the degree of care, skill, and learning expected of a reasonably prudent neurosurgeon, in the state of Washington, acting in the same or similar circumstances.

4.3  The registered nurses and surgical "techs" and others employed by the Defendant who assisted Dr. Dixon also failed to exercise the degree of care, skill, and learning expected of such reasonably prudent healthcare providers in the state of Washington acting in the same or similar circumstances.

4.4  When Dr. Dixon performed the surgery, he was acting in the course and scope of his ostensible agency and employment with Madigan and the United States.

4.5  Dr. Dixon's negligence and the negligence of his assistants, proximately caused Heather Phipps to suffer serious and permanent physical, mental and emotional injuries, and special damages including past and future loss of income, impaired earning capacity, and past and future medical bills.

COMPLAINT

- 3

NIGEL S. MALDEN LAW, PLLC
711 Court A, Suite 114
Tacoma, Wa. 98402
253-627-0393  253-573-1209 Fax

4.6    The injuries to Heather Phipps proximately caused injury and damage to her marital relationship with her husband, William, and her parental relationship with her children, Ashlyn and M.P.

4.7    The United States is vicariously liable under the doctrine of ostensible agency for all injuries and damages proximately caused by Dr. Dixon's negligence during the surgery at Madigan on July 3, 2013.

V.    Second Cause of Action – General Common Law Negligence – By All Plaintiffs

5.1    Paragraphs 1.1 through 3.9 are hereby incorporated by reference.

5.2    The United States had a duty to use reasonable care to provide Heather Phipps with a neurosurgeon possessing the degree of care, skill, and learning expected of a reasonably prudent neurosurgeon undertaking to perform cervical discectomies in the state of Washington.

5.3    The United States breached this duty by allowing Dr. Dixon to operate on Ms. Phipps when it knew or reasonably should have known that Dr. Dixon was no longer competent to safely perform neurosurgery as evidenced by Dr. Dixon's reputation amongst his co-workers as someone with "shaky hands" who should retire.

5.4    The Defendant's negligence proximately caused damages to all Plaintiffs in amounts to be proven at trial.

VI.   Third Cause of Action – Negligent Infliction of Emotional Distress – By William Phipps Only

6.1    Paragraphs 1.1 through 3.9 are hereby incorporated by reference

6.2    Shortly after the surgery at issue was completed, Dr. Dixon came into the hospital room and admitted to Heather and William Phipps that he committed an error and had drilled into Heather's spinal cord.

**COMPLAINT**

- 4

6.3    William Phipps suffered immediate and severe emotional distress knowing that his wife was severely and permanently injured by the defendant's negligence.

6.4    The defendant's negligent infliction of emotional distress proximately caused general damages in an amount to be proven at trial.

VII.   <u>Fourth Cause of Action – Violation of Washington State Consumer Protection Act – By Plaintiffs Heather and William Phipps Only</u>

7.1    Paragraphs 1.1 through 3.9 are hereby incorporated by reference.

7.2    The United States markets and sells health care services to the eligible general public in Pierce County, Washington.

7.3    Madigan and the United States hold themselves out to the eligible general public as medical experts capable of safely performing complex spinal neurosurgery.

7.4    Madigan and the United States held Dr. Dixon out to the public and to the Plaintiffs as their ostensible agent and employee by giving him a business card and identity badge, and providing him with all the special clothing, equipment, supplies, facilities, and assistants necessary for him to play the role.

7.5    Madigan and the United States concealed Dr. Dixon's true status as a civilian contractor in order to profit from selling his medical services while avoiding the cost of insurance or risk of liability should Dr. Dixon negligently kill or maim a patient.

7.6    Madigan and United States deceive the public into believing that they employ and stand behind the doctors who perform surgeries at their hospital. The reality, however, is that the United States and Madigan use multiple layers of secret contracts to try to insulate themselves from any legal liability for damages caused by medical services negligently or recklessly rendered at their facility.

7.7    Madigan and the United States had a duty to disclose Dr. Dixon's employment status to Heather and William Phipps but failed to do so facilitating the deceptive sale of medical services.

COMPLAINT

- 5

NIGEL S. MALDEN LAW, PLLC
711 Court A, Suite 114
Tacoma, Wa. 98402
253-627-0393  253-573-1209 Fax

7.8    Plaintiffs William and Heather Phipps reasonably believed that Dr. Dixon was an employee of Madigan Army Medical Center and the United States.

7.9    If the Plaintiffs had known that Dr. Dixon was in fact not a federal employee, but a privateer with minimal insurance, they would not likely have agreed to allow him to perform the surgery.

7.10    The use of false and deceptive statements by the United States and Madigan to market and sell health care services to the plaintiffs is contrary to public policy, effects the public interest, and violates the Washington State Consumer Protection Act which proximately caused economic damages in an amount to be determined at trial.

VIII.    <u>Fifth Cause of Action – Loss of Spousal Consortium By Plaintiff William Phipps Only</u>

8.1    Paragraphs 1.1 through 3.9 are hereby incorporated by reference.

8.2    The Defendant's negligence and wrongful conduct proximately caused serious physical and mental injuries to Heather Phipps which in turn proximately caused serious damage to the Phipps' marital relationship.

8.3    The damage to the marital relationship proximately caused by the Defendant's negligence includes loss of spousal consortium, care, support, companionship and society, in an amount to be proven at trial.

IX.    <u>Sixth Cause of Action – Loss of Parental Consortium – by Plaintiffs Ashlyn and M.P. Only</u>

9.1    Paragraphs 1.1 through 3.9 are hereby incorporated by reference.

9.2    The Defendant's negligence and wrongful conduct proximately caused serious physical and mental injuries to Heather Phipps which in turn proximately caused serious damage to her relationship with her two daughters, Ashlyn and M.P.

**COMPLAINT**

- 6

9.3    The damages to the parental relationship proximately caused by the Defendant's negligence includes loss of parental consortium, care, support, companionship and society in an amount to be proven at trial.

X.    Prayer for Relief

10.1   Plaintiffs request relief as follows:

A.  Entry of judgment in favor of Plaintiff Heather Phipps against defendant on the First, Second, and Fourth Causes of Action, to include general damages for emotional distress and pain and suffering, and special damages for past and future loss of income and economic benefits, and permanent diminution in earning capacity, and past and future healthcare bills.

B.  Entry of judgment in favor of Plaintiff William Phipps against defendant on the First, Second, Third, Fourth, and Fifth Causes of Action, for special and general damages for loss of spousal care, support, comfort, society and consortium.

10.2   Entry of judgment in favor of Heather and William Phipps against defendant on the Fourth Cause of Action for economic damages, reasonable attorneys fees and costs for violation of the Washington State Consumer Protection Act, RCW 19.86 *et. seq.*

10.3   Entry of judgment in favor of M.P. and Ashlyn Phipps on the First, Second, and Sixth Causes of Action, for general and special damages for loss of parental care, support, comfort, society and consortium.

10.4   Entry of judgment for all recoverable costs to the prevailing parties.

10.5   Any other relief the court deems just and proper under the circumstances.

DATED: This 6 day of March, 2015.

NIGEL S. MALDEN, WSBA#15643
Attorney for Plaintiffs

COMPLAINT

- 7

NIGEL S. MALDEN LAW, PLLC
711 Court A, Suite 114
Tacoma, Wa. 98402
253-627-0393  253-573-1209 Fax